Case 2:20-cv-00251   Document 5   Filed on 11/09/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE LICCIARDELLO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-251 |
| | § | |
| DEPARTMENT OF JUSTICE BUREAU OF PRISONS, | § § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Christopher Lee Licciardello filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting compassionate release to home confinement due to the ongoing COVID-19 pandemic. Approximately four months prior to filing this Petition, Petitioner filed a Motion to Reduce Sentence in his criminal case citing the same reasons listed in his pending habeas petition and requesting the same relief. (Case No. 2:18-cr-449, D.E. 52 and D.E. 54).[1] Both this Petition and Petitioner's criminal case are before United States District Judge Nelva Gonzales Ramos. On November 6, 2020, Petitioner's Motion to Reduce Sentence was **GRANTED**. (Case No. 2:18-cr-449, D.E. 58). Therefore, the undersigned **RECOMMENDS** this petition for writ of habeas corpus

---

[1] On April 21, 2020, Petitioner filed an Emergency Motion for Compassionate Release To In Home Confinement. (Case No. 2:18-cr-449, D.E. 49). This Motion was denied the next day, informing Petitioner that he should first exhaust his administrative remedies within the Bureau of Prisons and thereafter, if unsuccessful, to file a §2241 Petition or a Motion to Reduce his Sentence. Petitioner filed a Motion to Reduce Sentence on May 14, 2020 and a second Motion to Reduce Sentence on May 27, 2020. (Case No. 2:18-cr-449, D.E. 52 and 54). Petitioner filed the pending §2241 Petition on or about September 21, 2020. (D.E. 1).

be **DISMISSED as moot** as the Court has previously granted the relief requested. (Case No. 2:18-cr-449, D.E. 58) (Memorandum Opinion dated November 6, 2020 ordering Petitioner's immediate release to home detention).

The only relief sought in this matter was Petitioner's release to home detention. As this relief has been granted in his criminal case, his grounds for relief in this action are moot. His petition no longer presents a live controversy. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."); *Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject-matter jurisdiction.")

For the reasons stated above, the undersigned **RECOMMENDS** this case be **DISMISSED as moot**.

ORDERED this 9th day of November, 2020.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).